972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Lee FAIN, Plaintiff-Appellant,
v.
Robert G. BORG, et al., Defendants-Appellees.
 No. 91-16578.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie Lee Fain, a California state prisoner, appeals pro se the district court's denial of his motions for an emergency order requiring prison officials to transfer him to the U.C. Davis Medical Center for further treatment of rectal bleeding and chest pain. We construe the denial of these motions as a denial of a preliminary injunction.[1] We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and affirm.
 
 
 3
 Our review of a preliminary injunction is limited. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989). We will reverse the district court's denial of a preliminary injunction only if the district court abuses its discretion. Id.
 
 
 4
 In determining whether the district court abused its discretion, we look to whether the court (1) applied the wrong substantive law governing injunctive relief or (2) based its decision upon a misapplication of the underlying substantive law or upon a clearly erroneous finding of fact. See id.
 
 
 5
 Here, the district court correctly found that in order for Fain to prevail, he must show that the prison officials were deliberately indifferent to his medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Moreover, in applying this standard to Fain's claim, the court correctly found that evidence presented by Fain demonstrated that prison officials had responded to his medical complaints with examinations, testing, and treatment. While Fain may object to the speed or course of treatment, the district court did not abuse its discretion by finding that Fain, as the moving party, had not adequately shown his likelihood of success on the merits and irreparable injury or at least that serious questions were raised and the balance of hardship tips sharply in his favor. See, e.g., Burlington N.R.R. Co. v. Department of Revenue of the State of Washington, 934 F.2d 1064, 1074 n. 6 (9th Cir.1991). Given these circumstances, the district court did not abuse its discretion by denying Fain's motions for a preliminary injunction seeking emergency medical treatment. See Hunt, 872 F.2d at 292.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Fain's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In effect, Fain's motions sought to stop the prison officials from continuing what Fain alleges is constitutionally inadequate medical treatment, specifically, the prison official's failure to send him to a private medical facility for further diagnosis, treatment, and surgery. Accordingly, we have jurisdiction over this appeal as a denial of a preliminary injunction. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989); Religious Technology Center v. Scott, 869 F.2d 106, 1308 (9th Cir.1989)
 
 
 [2]
 Fain also objects to the district court's denial of his motion for a default judgment against the defendants because they failed to respond to Fain's emergency motions. This contention lacks merit. First, even though the defendants did not respond to the motions, they did file a timely answer to Fain's complaint and thus were not subject to a default judgment. See Fed.R.Civ.P. 55. Second, while the court may construe a party's failure to respond to a motion as waiving objection to that motion, it need not do so. Here, the court found that the clerk of the court had inadvertently failed to serve several of Fain's motions on the defendants. Given these circumstances, the court properly concluded that Fain was not entitled to a default judgment